A. B. IRICK, plaintiff in error, vs. WILLIAM WISE, defendant in error.

Where Wise was the tenant of Irick under an unexpired lease, and Irick wrote him about selling his land, and stated in the letter that he would give him five per cent. to aid him to make sale, and Wise did acts equivalent to an acceptance of the proposition, by showing the land and giving notice it was for sale, and a man by the name of Crockett, with whom Wise had talked about selling the land, went to Virginia and bought from the owner, Irick, and, when he returned, Wise made him pay $500 00 for the surrender of the possession, and upon the trial the Court rejected this evidence:

Held, That this was error. If Wise claimed the commission upon the sale of five per cent., such sale contemplated the possession of the land to be given to the purchaser; and if he claimed the possession as against the purchaser, he could not fairly claim commission on the sale to him. And upon the trial, we hold, if the jury found, from the evidence, that Wise did aid in the sale, and was entitled to commissions thereon, this evidence was admissible to show the payment of

Irick *vs.* Wise.

$500 00, which should be deducted from the commissions, as in that event the presumption is, that Irick sold for less. If Wise was to be bought out of possession, he was not entitled to both compensations.

Evidence. New trial. Before Judge PARROTT. Bartow Superior Court. December, 1871.

This case is reported in the opinion.

W. AKIN, for plaintiff in error.

WILLIAM T. WOFFORD, for defendant.

LOCHRANE, Chief Justice.

It appears from the record that William Wise, on the 28th October, 1868, sued out an attachment against the property of A. B. Irick, claiming upon account due the sum of $1,000 00, and issuing upon the ground of the non-residence of the defendant. The declaration was filed at the proper time, and the case came on for trial upon the plea of the general issue, and the jury found for the plaintiff the sum of $930 00 principal, with interest, and costs of suit. The defendant moved for a new trial, upon the grounds, among others:

1. That the verdict was against the weight of the evidence.

2. Because the Court rejected the evidence offered to prove after the sale to Crockett; that Wise, as the tenant, refused to deliver up possession until paid $500 00 by the purchaser.

The evidence disclosed that Irick wrote a letter to Wise before the sale of the land, in which he offered to pay a commission of five per cent. to Wise, for all he aided him in the sale of. Wise, in fact, sold none of the land, but he showed the land and gave notice he had it for sale. This suit was for the commissions on the sale, and, in the view we take of the case, we are satisfied the Court erred in rejecting the evidence offered. If Wise was entitled to recover commissions upon the sale, his right was based upon the idea that his acts showed his acceptance of the proposition contained in the

letter of Irick, to pay him five per cent., and such sale of the land contemplated the delivery of possession to the purchaser. And if he, upon the sale by Irick, claimed compensation before he would deliver possession of the property and received $500 00, he was not entitled to compensation as commission upon the sale, and compensation to deliver possession to the purchaser. This would be manifestly unjust. And we hold the Court erred in ruling out the evidence of this fact, for the amount paid by the purchaser to obtain possession from Wise, must be, at least, presumed to have embraced that amount less in the sale by Irick, and ought to have been deducted from his recovery as commissions upon the sale, as against him. If Irick was entitled to recover the commissions, his right must be founded upon the fact, that he sold, or aided to sell, the property, and anything he demanded additional for possession did not justly belong to him, but ought to be credited to Irick, upon the commissions claimed to be due by him upon the sale. And for these reasons we think the Court erred in refusing a new trial.

Judgment reversed.